IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

      v.                       05-cr-42-wmc-1

ALLEN LADD,

                Defendant.

---

A continued hearing on the probation office's petition for judicial review of Allen Ladd's supervised release was held on November 18, 2025, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Julie Pfluger. Defendant was present in person and by counsel Zaki Zehawi. Also present was U.S. Probation Officer Michael W. Sutor.

## FACTS

The court incorporates the findings made on the record at the initial hearing held October 29, 2025, and will not repeat them here except to note that:

1. In Columbia County, Wisconsin, Circuit Court Case No. 25TR5059R, the defendant's refusal to take a test for intoxication after arrest on August 17, 2025, a non-criminal offense, was found "not reasonable," resulting in his sentencing on September 16, 2025, to a 36-month revocation of his driver's license, an ignition interlock system also installed for a 36-month period, the completion of an alcohol assessment, and payment of a $50 fine.

2. On August 6, 2025, a judgment in Case No. 25TR4234R was entered in Columbia County Circuit Court after defendant's refusal to take a test was similarly found "not reasonable," and defendant was sentenced to a 36-month revocation period of his driver's license, installation of an ignition interlock system for a 36-month period, completion of an alcohol

assessment, and payment of a $50 fine.

3. On September 24, 2024, defendant received a citation from the Fitchburg, Wisconsin, Police Department for operating while revoked, a non-criminal offense, did not challenge the ticket, and paid a $124 fine.

4. Most serious of all, given the limitations on what this court may currently consider for purposes of this judicial review of supervision, defendant violated the mandatory condition requiring him not to possess illegal controlled substances, including (a) use of marijuana on November 6 and 27, 2024, and July 23 and 25, 2025; and (b) use of cocaine on July 23 and 25, 2025.

At the conclusion of that hearing, the August 19 Petition for Warrant to be Filed as a Detainer for Offender Under Supervision (dkt. #133) and October 1 Supplemental Information to be Considered (dkt. #142) were stayed for two weeks to give the U.S. Probation Office an opportunity to place defendant in a residential treatment center with work release privileges. (Dkt. #150.)

ORDER

On November 14, 2025, a Probation Form 12C – Supplemental Information to be Considered (dkt. #152) was filed with the court setting forth what treatment options defendant has available, none of which is ideal. However, it now appearing that a real opportunity exists for the defendant's prompt placement at CORE Treatment Services in Manitowoc, Wisconsin, the court will again STAY this hearing for 14 days, with the defendant, defense counsel and Probation Officer Sutor DIRECTED to coordinate placement *SUBJECT to further order* of this court, allowing for his release from custody for immediate reporting to CORE for up to ninety days. If

2

that is completed timely, the court will further STAY this hearing for 90 days with the possibility of dismissal upon defendant's successful completion of inhouse CORE placement and transition to outpatient services.

    Entered this 18th day of November, 2025.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge
